This appeal involves the application of Mississippi Code Annotated section 15-1-69 (1972), commonly known as the "saving statute," in regard to the general statutes of limitation. This section reads as follows:
 If in any action, duly commenced within the time allowed, the writ shall be abated, *Page 1079 
or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.
The case arose in the Circuit Court of the First Judicial District of Panola County and is an appeal by appellant, J. Holmes Ryan, from an order dismissing his second suit as being barred by the six-year statute of limitations.
Appellant was injured in a motor vehicle accident on October 16, 1965, when he was sixteen years of age, having been born on August 8, 1949. For some reason not involved in the determination of this appeal, suit was not brought until October 24, 1975, several years after appellant had reached his majority, but well within the six-year limitation period. The First Judicial District of Panola County has two terms of court each year of twelve days each. On October 6, 1976, the last day of the September, 1976, term, there was placed in the court minutes an unsigned document styled "Dismissed," which stated that the cause was being dismissed as a stale case. On November 4, 1976, appellant filed a motion to reinstate the cause on the docket, setting out under oath the history of the cause since its filing and why it had not been tried during the two 1976 terms of court. The motion clearly reveals that there had been no dilatory actions on the part of any party to the suit, and that it was not ready for trial because of extensive discovery due to the period of time since the plaintiff's injuries occurred. The lower court obviously recognizing the clear error in dismissing the cause, entered an order on November 2, 1976, reinstating the cause on the docket of the court.
After the reinstatement, both parties filed further pleadings and discovery documents in the cause. On July 6, 1977, the defendants filed an instrument challenging the jurisdiction of the court and requesting that the cause be dismissed for the reason that when the dismissal order was placed in the court minutes on the last day of the September, 1976, term, the day the minutes are normally signed, the court thereafter had no jurisdiction to reinstate the cause. The court agreed with this contention and on July 25, 1977, executed an order "removing the cause from the issue docket" under the instrument filed by appellees "challenging jurisdiction."
On August 17, 1977, appellant refiled a separate suit which was essentially the same as the original cause. It is admitted that this suit was filed a few days beyond six years after appellant had reached his majority. On the affirmative defense of appellees alleging the statute of limitations of six years, the cause was dismissed by the lower court for that reason on March 19, 1979.
Appellant contends that the "saving statute" [Code section15-1-69], as hereinbefore set out, applies both from the date of the unsigned dismissal on October 6, 1976, on the ground that the cause was stale, and the order of dismissal for lack of jurisdiction executed on July 25, 1977. The refiling of the suit on August 17, 1977, was obviously within one year of either or both of the dismissal orders.
It is not necessary to decide whether or not Code section15-1-69 applies to the dismissal of the cause as being stale on October 6, 1976, and we do not make a finding on this issue here.
However, we find that section 15-1-69 applies to the order of dismissal for lack of jurisdiction executed and entered by the court on July 25, 1977. This Court has spoken to this issue on at least two occasions. In the case of Hawkins v. U. N. InsuranceCompany, 110 Miss. 23, 69 So. 710 (1915), the opinion involved an interpretation of the statute in question as it applied to causes dismissed for lack of jurisdiction. The Court said: *Page 1080 
 The ground upon which the decree was reversed was that the cause was not one of equity cognizance, and since the form in which the action was brought — that is, combining a number of separate and independent causes of action in one suit — was such that no court was authorized to try it over the protest of the defendants, it was not saved by the provisions of section 147 of the Constitution. Had it not been for the form of the action, although the cause was not one of equity cognizance, the decree would either not have been reversed at all, or, if reversed, the cause would have been remanded to the court which could "best determine the controversy." So that, when reduced to its last analysis, the dismissal of the former action was for "matter of form," and therefore the cause comes strictly within the language of the statute.
 But we do not understand that the action which was dismissed, in order to be duly commenced within the meaning of the statute, must necessarily have been commenced in a court having jurisdiction of the subject-matter. On the contrary, we think one of the designs of the statute, with which section 147 of the Constitution is in keeping, is to protect parties who have mistaken the forum in which their causes should be tried, who simply entered the temple of justice by the door on the left, when they should have entered by the door on the right. In the language of the Supreme Court of West Virginia, in Tompkins v. Pacific Ins. Co., 53 W. Va. [479] 484, 44 S.E. [439] 441, 62 L.R.A. 489, 97 Am.St.Rep. [1006] 1011:
 "It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it."
 . . . . .
 Moreover in Taft v. Stow, 174 Mass. 171, 54 N.E. 506, the supreme judicial court of Massachusetts, in construing a statute similar, though not identical, with the one here in question, in that it did not require the first action to be duly commenced, held that the dismissal of an action for want of jurisdiction of the subject-matter was a dismissal for matter of form, and we do not understand counsel for appellee to, and they could not successfully, contend that an action defective only in matter of form was not duly commenced within the meaning of the statute. The true meaning of this statute is, in our judgment, as was said by Shaw, C.J., in Coffin v. Cottle, 16 Pick. (Mass.) 386, and quoted with approval in Woods v. Houghton, 1 Gray (Mass.) 580, wherein the statute under consideration was, in all respects, substantially the same as the one here in question, that:
 "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year."
In the case of Smith Enterprise Company, Inc. v. Lucas,204 Miss. 43, 36 So.2d 812 (1948), this Court again construed the statute in question in regard to the dismissal of the suit for lack of jurisdiction. The Court stated:
 In Hawkins v. Scottish Union Nat. Ins. Co., 110 Miss. 23, 69 So. 710, this Court held that a dismissal of a suit because of want of jurisdiction of the subject matter is a dismissal for matter of form within the purview of Section 744. [Now Code section 15-1-69].
 Hence this suit being filed within a month of the dismissal of the suit in the Federal Court it is within the one year saving provision of Section 744.
It is readily seen that the above recited history of this cause and its final dismissal for lack of jurisdiction is much stronger for invoking the "saving statute" than in *Page 1081 Smith, supra, where the original suit was filed in Federal Court. There is much more reason to invoke the statute here where admittedly the original dismissal supposedly on the ground of the case being stale was clearly erroneous.
Appellees contend that the order of July 25, 1977, was not an order dismissing the cause for lack of jurisdiction — that the case was never on the docket of the court to be dismissed. A look at the record answers this contention.
The order of November 2, 1976, as a result of appellant's verified motion to reinstate, clearly "reinstated" the case on the court's docket, whether proper or not. The case remained on the docket through the March, 1977, term. The minutes of that term were signed with the case on the docket the same as any other case that might be dismissed later for various reasons. The order of July 25, 1977, actually stated that appellees were "challenging jurisdiction." The sole reason the case was taken from the docket was that it was there "without jurisdiction."
Under Code section 15-1-69, the second case was filed within the limitation period. It is, therefore, necessary to remand the case for further proceedings.
Also before us is the motion of appellees to strike a portion of the record which motion was heretofore passed and brought forward for our action when the case is considered on the merits. Now after careful consideration, the appellees' motion to strike is overruled.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.