790 So.2d 841 (2000)
James C. WERTZ, Appellant
v.
INGALLS SHIPBUILDING INC., Appellee.
No. 1999-CA-00048-COA.
Court of Appeals of Mississippi.
November 28, 2000.
Rehearing Denied February 27, 2001.
Certiorari Denied July 19, 2001.
*843 Jim Waide, David Chandler, Victor Israel Fleitas, Tupelo, Attorneys for Appellant.
Robert J. Ariatti Jr., William James Powers Jr., Paul Brooks Eason, Kathryn Russell Gilchrist, Jackson, Attorneys for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
KING, P.J., for the Court:
¶ 1. This appeal arises from the Jackson County Circuit Court's judgment sustaining Ingalls Shipbuilding, Inc.'s (Ingalls) motion for summary judgment. The circuit court found that James Wertz's claim for wrongful discharge was barred by Miss.Code Ann. § 15-1-49 (Rev.1995) and the claim for tortious interference with employment was barred by Miss.Code Ann § 15-1-35 (Rev.1995). The court further found that, in light of the evidence submitted by the parties, the savings statute, Miss.Code Ann. § 15-1-69 (Rev.1995), was inapplicable. Aggrieved by the decision of the circuit court, Wertz raises the following issues on appeal: 1) whether the circuit court erred in dismissing the appellant's claims based on the statute of limitations pursuant to Miss.Code Ann. § 15-1-69, and 2) whether genuine issues of material fact exist regarding the appellant's claims for wrongful discharge in violation of public policy and tortious interference with contract.

FACTS
¶ 2. James Wertz was hired by Ingalls in 1991 as an engineer and continued to work there until he was laid off in the fall of 1993. This lay off was ostensibly due to a reduction in the work force. Ingalls, as a marine contractor, built ships for the United States Navy. In March of 1993, Wertz reported to a Department of Defense representative that Ingalls was unlawfully failing to protect classified information. Wertz's charges were reported to Ingalls's director of security, Alvin Downs. The Department of Defense investigated Wertz's allegations of a security breach by Ingalls and determined them to be unfounded. Following this report, by memo dated May 7, 1993, Ingalls revoked Wertz's security clearance.
¶ 3. Ingalls conducted an annual evaluation of the employees. In his March 1993 evaluation, Wertz was described as an acceptable employee who "fully meets expectations." In an evaluation performed in August, approximately five months later, and subsequent to the allegation of a security breach, Wertz's performance was downgraded to "needs improvement." After this evaluation, Wertz was laid off allegedly due to a reduction in force.
¶ 4. In 1994 Wertz was employed by CDI Marine Company (CDI), a subcontractor for Ingalls. CDI assigned Wertz *844 to work at Ingalls's facility. Ingalls, through Downs, its security director, informed CDI that Wertz was banned from Ingalls's facility. CDI removed Wertz and laid him off alleging a lack of work. On November 15, 1995, Wertz filed suit in the United States District Court for the Southern District of Mississippi, charging Ingalls with a retaliatory layoff and interference with an employment contract. Wertz, claiming to be a citizen of Louisiana, alleged that federal jurisdiction was appropriate because of diversity.
¶ 5. The district court conducted an evidentiary hearing on March 27, 1997. That court held that Wertz was a Mississippi resident when his lawsuit was filed, and that the federal court lacked diversity and subject matter jurisdiction. Eleven days after having his action dismissed in federal court, Wertz refiled in Jackson County Circuit Court. The Jackson County Circuit Court granted Ingalls a summary judgment, based upon this action being time barred, pursuant to Miss.Code Ann. § 15-1-49 (Rev.1995) and Miss.Code Ann § 15-1-35 (Rev.1995). Wertz has appealed that grant of summary judgment.

ANALYSIS AND ISSUES

I.

Whether the circuit court erred in dismissing the appellant's claims based on the statute of limitations pursuant to Miss.Code Ann. § 15-1-69.
¶ 6. Wertz argues that his cause of action is permitted pursuant to Miss.Code Ann. § 15-1-69[1] and that the circuit court erred in finding it inapplicable to this case. He contends that section 15-1-69 permits an action, dismissed for lack of subject matter jurisdiction in federal court, to be refiled in a Mississippi court within one year of dismissal, and the failure to apply this statute was manifest and grave error.
¶ 7. Miss.Code Ann. § 15-1-69, the savings statute, allows a properly filed action, which has been abated or avoided for any matter of form, to be refiled in the proper court within one year after the abatement or reversal of the original action. "Matters of form referred to in the savings statute may include orders of dismissal for lack of jurisdiction." Ryan v. Wardlaw, 382 So.2d 1078, 1079 (Miss. 1980). See also Hawkins v. Scottish Union & Nat'l Ins. Co., 110 Miss. 23, 69 So. 710, 712 (1915). One of the designs of the savings statute is to protect parties who have mistakenly chosen the wrong forum in which to bring their actions. Hawkins, 69 So. at 712. Dismissal of a suit filed in federal court within the limitation period for lack of jurisdiction is a dismissal for matter of form within section 15-1-69. Frederick Smith Enterprise Co. v. Lucas, 204 Miss. 43, 36 So.2d 812, 814 (1948). The plaintiff, however, must have exercised good faith in filing the first action in the wrong court. Hawkins, 69 So. at 712.
¶ 8. Ingalls laid Wertz off on October 8, 1993, and CDI laid him off on October 15, 1994. Wertz moved to Louisiana on November 14, 1995 to establish diversity to file his claim in federal court. *845 On November 15, 1995 Wertz filed wrongful discharge and intentional interference with contract claims in federal district court. Both claims were dismissed by the district court for lack of subject matter jurisdiction on March 27, 1997. Wertz subsequently filed the same claims in state circuit court on April 8, 1997. Ingalls filed a motion for summary judgment asserting that the statute of limitations had run on Wertz's claims. The court granted summary judgment in favor of Ingalls. Pursuant to section 15-1-49, the statute of limitation for claims of intentional interference with contract and wrongful discharge, Wertz had three years within which to file his claims. See Nichols v. Tri-State Brick and Tile, 608 So.2d 324, 332-33 (Miss. 1992). Although Wertz's wrongful discharge claim was filed in federal court within the three year period of limitation, it was not refiled in state court within the requisite three year period. The savings statute, section 15-1-69, is only available when the cause in good faith is erroneously misfiled. See Hawkins v. Scottish Union & Nat'l Ins. Co., 110 Miss. 23, 69 So. 710, 712 (1915). The federal district court and the Jackson County Circuit Court both found that Wertz moved to Louisiana in an attempt to establish diversity jurisdiction and did not possess a good faith intent to establish residence. This matter involves a finding of fact by the trial court. A trial court's finding of fact must be accepted if supported by substantial evidence. Herring Gas Co. v. Whiddon, 616 So.2d 892, 893 (Miss.1993). There is ample evidence in the record upon which the trial court could find a lack of good faith by Wertz and therefore hold section 15-1-69 inapplicable to his claim of wrongful discharge. Accordingly, the grant of summary judgment was not error.
¶ 9. Wertz's intentional interference with contract claim was filed within the three year period of limitation in section 15-1-49. Even after refiling the intentional interference with contract claim in the circuit court, it was within the three year statute of limitations. Therefore, summary judgment, based upon the statute of limitation, was improper on the intentional interference with contract claim.

II.

Whether genuine issues of material fact exist regarding the appellant's claims for wrongful discharge in violation of public policy and tortious interference with contract.
¶ 10. We have determined that Wertz failed to meet the statute of limitation on his wrongful discharge claim, rendering summary judgment proper, but did meet the statute of limitation on his tortious interference with contract claim. We are therefore called upon to determine whether there existed any genuine issue of material fact related to that claim, which would render the grant of summary judgment improper.
¶ 11. Our review of a trial court's grant of summary judgment is de novo. Seymour v. Brunswick Corp., 655 So.2d 892, 894 (Miss.1995) (citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988)). In doing so, we review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. Seymour, 655 So.2d at 894. The evidence is viewed in the light most favorable to the non-moving parties, and they are given the benefit of every reasonable doubt. Mississippi Ins. Guar. Ass'n v. Harkins & Co., 652 So.2d 732, 735 (Miss.1995). Summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Id. To prevent summary judgment, the non-moving *846 party must establish a genuine issue of material fact by means allowable under the rule. Baptiste v. Jitney Jungle Stores of Am., 651 So.2d 1063, 1065 (Miss.1995) (citing Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991)). Having done so, this Court finds that there were material issues of disputed fact.
¶ 12. An action for tortious interference with a contract ordinarily lies when all of the following elements are present: 1) intentional and willful acts; 2) done to cause damages to the plaintiffs in their lawful business; 3) done with the purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and 4) actual loss occurs. Collins v. Collins, 625 So.2d 786, 790 (Miss.1993). See also Nichols v. Tri-State Brick & Tile Co., 608 So.2d 324, 327 (Miss. 1992). It must also be proven that the contract would have been performed but for the alleged interference. Par Indus., Inc. v. Target Container Co., 708 So.2d 44 (¶ 8) (Miss.1998). See Levens v. Campbell, 733 So.2d 753 (¶ 25) (Miss.1999)(holding that at will contracts of employment are subject to tortious interference with contracts claims)).
¶ 13. Wertz was employed by Ingalls as an engineer. In the first evaluation by his supervisor, Wertz was found to be an acceptable employee, who "fully meets expectations." Wertz complained to the Department of Defense that Ingalls was improperly handling classified information. Shortly after this complaint, Wertz found his personal evaluation lowered to "needs improvement." This lowering of his evaluation lead to his being laid off due to a reduction in the labor force.
¶ 14. CDI is a marine contractor which gets all of its work from subcontracts with Ingalls. Before hiring personnel, CDI submits their resumes to Ingalls for approval. CDI submitted Wertz's resume to someone in Advanced Technology at Ingalls for hiring approval of Wertz. At that time, no one objected to Wertz's employment. CDI employed Wertz and sent him to perform work at Ingalls. When Ingalls saw Wertz was employed by CDI at the Ingalls facility, it informed CDI that Wertz would not be permitted to work on its property. No reason was given by Ingalls for this action. Having been barred from the Ingalls job site, which provided all of CDI's business, there was no work available for Wertz and he was therefore laid off. The decision to lay Wertz off was prompted by Ingalls's refusal to allow him on the job site.
¶ 15. Whether Ingalls refused to allow CDI's employment of Ingalls for a proper or improper reason is the core issue of Wertz's complaint. It is therefore a material issue. It is also a disputed issue of fact. Disputed issues of fact should be resolved by the jury, the fact finder, rather than the trial judge. Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 716 (Miss.1984).
¶ 16. The dissent correctly states that Wertz must establish "through affidavits and discovery material" that a disputed material issue of fact exists. A significant amount of discovery was done in this case. That discovery, along with several affidavits, was submitted to the trial court for consideration in ruling on the motion for summary judgment. The evidence contained in those documents must, as noted by the dissent, be taken in the light most favorable to Wertz. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993).
¶ 17. This requires that where (1) a matter is opened to multiple interpretations, or (2) an issue turns on a question of credibility, those matters, when considered in the context of a summary judgment *847 motion, must be resolved in favor of Wertz, the non-moving party. Downs v. Choo, 656 So.2d 84, 85 (Miss.1995) (citing-Mantachie Nat. Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1173 (Miss.1992)).
¶ 18. When considered by this standard, and within the total context of questions asked and answered, or questions not answered, during the deposition process, the evidence of the denial of tortious inference (1) is subject to multiple interpretations and (2) raises an issue of credibility. Because the evidence on tortious interference was subject to multiple interpretations, the trial court, in ruling on the summary judgement motion, was obligated to give weight to that interpretation which favored Wertz. It was not the province of the trial court to decide matters of credibility.
¶ 19. At this stage of the process, those questions of credibility must be resolved in favor of Wertz. Downs, 656 So.2d at 85. Whether these credibility issues will ultimately be resolved in favor of Wertz or Ingalls, is the province of a jury rather than this Court.
¶ 20. Because there existed a genuine issue of disputed fact as to the tortious interference with a business contract, we find that summary judgment was improper, and reverse its grant.
¶ 21. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
BRIDGES, IRVING, LEE, PAYNE AND THOMAS, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE OPINION JOINED BY SOUTHWICK, P.J., AND MYERS, J. MOORE, J., NOT PARTICIPATING.
McMILLIN, C.J., Dissenting:
¶ 22. I concur in the majority's conclusion that the savings provisions of Section 15-1-69 do not operate to protect Wertz's wrongful termination claim from the bar of the statute of limitations imposed on such claims under Section 15-1-49. I also agree with the majority that the trial court committed plain error when it found that Wertz's malicious interference with contract claim was barred by the applicable three year statute of limitations period found in Section 15-1-49, since that cause of action arose in the fall of 1994 when he was laid off by CDI, and the suit was filed on April 8, 1997.
¶ 23. However, I respectfully disagree that Wertz has shown that there are genuine disputed issues of material fact regarding his claim that Ingalls maliciously interfered with his contract of employment with CDI. In resisting a summary judgment motion, Wertz may not rely on mere allegations in his pleadings. Russell v. Southern Nat'l Foods, Inc., 754 So.2d 1246 (¶ 48) (Miss.2000). Rather, he must demonstrate through affidavits and discovery material that admissible evidence exists to support the material allegations essential to establish his cause of action.
¶ 24. We are obligated to afford Wertz, as the non-moving party, the advantage of viewing the evidence in the light most favorable to his position. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986). However, even under that standard, Wertz's cause of action necessarily relies upon nothing more than the proximity in time between Ingalls's decision to bar him access to its business site and his termination by CDI to support an inference that Ingalls somehow influenced CDI to terminate Wertz as an employee. The Restatement (Second) of Torts defines a cause of action for intentional interference with contract as follows:

*848 One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.
RESTATEMENT (SECOND) OF TORTS § 766 (1977).
¶ 25. In the case now before us, by substituting the actual parties for the generic role descriptions in Section 766 and making the statement conditional, the rule could be paraphrased as follows:
If Ingalls intentionally and improperly interfered with the performance of a contract of employment between Wertz and CDI by inducing or otherwise causing CDI not to perform the employment contract, Ingalls is subject to liability to Wertz....
¶ 26. In this case, there is nothing to suggest that Ingalls did anything other than refuse to permit Wertz access to its propertyan action that Ingalls, beyond question, had authority to takeeven if its decision was based on nothing more than Ingalls's subjective dislike for, or mistrust of, Wertz. That action of denying Wertz access to its property is not the equivalent, by any stretch, of an inducement by Ingalls to cause CDI to terminate Wertz's employment. How CDI chose to deal with the state of affairs brought on by Ingalls's decision was, as a matter of logic and law, something entirely beyond the control of Ingalls. A party such as Ingalls cannot be made liable for actions of others over which it had no control.
¶ 27. While the Restatement acknowledges that interference may arise indirectly by the defendant's refusal to deal with the plaintiff's employer unless the plaintiff is terminated, there are simply no facts faintly suggesting that Ingalls directly or indirectly threatened CDI with the loss of his contractual business with Ingalls if it continued Wertz in its employ. In the official comments, the Restatement acknowledges that a person is "ordinarily free to refuse to deal with [another party] for any reason or no reason." Wertz cannot, by the mere circumstance that he was employed by CDI, force Ingalls into dealing with him if it was disposed not to do so.
¶ 28. Based on the evidence in the record, any conclusion that Ingalls did anything in regard to Wertz other than exercise its unqualified right to deal with such persons as it chose and not to deal with such other individuals as it chosefor any reason, good or badwould necessarily be founded on nothing beyond conjecture and speculation.
SOUTHWICK, P.J., AND MYERS, J., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Miss.Code Ann. § 15-1-69 (Rev.1995) states "[I]f in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for he plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year."