# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01047-SCT

*GAYE NELL STOCKSTILL AND JAMES RAY BLANCHARD, SR.*

*v.*

*STATE OF MISSISSIPPI, THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY, THE MISSISSIPPI DEPARTMENT OF WILDLIFE, FISHERIES AND PARKS AND THE PEARL RIVER BASIN DEVELOPMENT DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2002 |
| TRIAL JUDGE: | HON. MICHAEL R. EUBANKS |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES KENNETH WETZEL |
| ATTORNEY FOR APPELLEE: | ROGER GOOGE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 09/18/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Gaye Nell Stockstill and James Ray Blanchard, Sr., appeal from the judgment of the Circuit Court of Pearl River County dismissing their complaint against the State of Mississippi and several of its agencies (collectively "the State") as barred by the statute of limitations.  Because this suit was filed after the expiration of the controlling one-year statute of limitations for the Mississippi Tort Claims Act (MTCA),

Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002 & Supp. 2003), we find the circuit court properly dismissed the suit and affirm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.    While canoeing on the Pearl River with a friend, James Ray Blanchard, Jr., drowned on December 28, 1998, near the site of a completed project co-sponsored by the United States and the State of Mississippi which was  designed to restore the water flow of the Pearl River. Stockstill and Blanchard filed suit in the United States District Court for the Southern District of Mississippi on March 29, 2000, against the U.S. Army Corps of Engineers, the State, and several agencies of the State, alleging damages arising out of their son's drowning. Because proper notice was provided to the State, the tolling provision of the MTCA applied. On May 12, 2000, the State and its agencies filed a motion to dismiss the federal suit based upon their right under the Eleventh Amendment to the U.S. Constitution not to be sued in federal court. The motion was granted, and the suit was dismissed without prejudice on March 9, 2001.

¶3.    On October 3, 2001, Stockstill and Blanchard filed this present civil action in the Circuit Court of Pearl River County. The State and its agencies filed a motion to dismiss on November 9, 2001. On June 20, 2002, the circuit court dismissed the suit finding the applicable one-year statute of limitations had expired. Stockstill and Blanchard appeal and raise the following issues for this Court's consideration:

> I.    WHETHER THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE WRONGFUL DEATH CLAIM AGAINST THE STATE AND ITS AGENCIES WAS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS EXPRESSED IN MISS. CODE ANN. § 11-46-11.

> II.    WHETHER THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT MISS. CODE ANN. § 15-1-69, THE

2

**"SAVINGS STATUTE" DID NOT APPLY TO THE STATE AND ITS AGENCIES.**

**III.     WHETHER MISS. CODE ANN. § 11-46-11 IS UNCONSTITUTIONAL, AS IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION IN THAT IT DISCRIMINATES AGAINST INDIVIDUALS IN THE STATE OF MISSISSIPPI.**

## DISCUSSION

¶4.     We apply a de novo standard when reviewing the granting of a Miss. R. Civ. P. 12(b)(6) motion. *Arnona v. Smith*, 749 So.2d 63, 65-66 (Miss. 1999). As such, we sit in the same position as did the trial court. The scope of review of a motion to dismiss is that the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of her claim. *Brewer v. Burdette*, 768 So. 2d 920, 922 (Miss. 2000). *See also* *Overstreet v. Merlos*, 570 So.2d 1196, 1197 (Miss. 1990); *Grantham v. Miss. Dep't of Corrections*, 522 So.2d 219, 220 (Miss. 1988).

**I.      WHETHER THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE WRONGFUL DEATH CLAIM AGAINST THE STATE AND ITS AGENCIES WAS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS EXPRESSED IN MISS. CODE ANN. § 11-46-11.**

**II.     WHETHER THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT MISS. CODE ANN. § 15-1-69, THE "SAVINGS STATUTE" DID NOT APPLY TO THE STATE AND ITS AGENCIES.**

¶5.     In this case of first impression under the MTCA, Stockstill and Blanchard argue that the savings clause in Miss. Code Ann. § 15-1-69 (Rev. 2003)[1] applies to the MTCA, thus tolling the exclusive one-year statute of limitations found in Miss. Code Ann. § 11-46-11 (Rev. 2002). However, we find that this result is at odds with the texts of Miss. Code Ann. §§ 11-46-11 and 15-1-1 (Rev. 2003) and this Court's repeated holdings that the MTCA indubitably mandates a one-year statute of limitation be applied to any and all actions brought under the Act.

¶6.     Miss. Code Ann. § 11-46-11(3) specifically states:

> The limitations period provided herein ***shall control and shall be exclusive*** in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

(emphasis added). Through the strict language of the statute, the legislative intent is clear on the controlling statute of limitations.

¶7.     Miss. Code Ann. § 15-1-1 provides further guidance that § 15-1-69 does not apply to the MTCA. Section 15-1-1 reads:

---

[1] Miss. Code Ann. § 15-1-69 states:

If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

> The provisions of this chapter shall not apply to any suit which is or *shall be limited by any statute to be brought within a shorter time than is prescribed in this chapter*, and such suit shall be brought within the time that may be limited by such statute.

(emphasis added). Because the MTCA has a one-year statute of limitation which is significantly shorter than the catch all three-year statute of limitation, the one-year statute of limitation found in § 11-46-11 is controlling.

¶8. Because we find that pursuant to §§ 11-46-11 and 15-1-1, § 15-1-69 does not apply to the MTCA, it is also worthy to note that non-tort claims act cases, *e.g., Boston v. Hartford Acc. & Indem. Co.*, 822 So. 2d 239 (Miss. 2001), and *Norman v. Bucklew*, 684 So. 2d 1246 (Miss. 1996), are not controlling as to the applicability of § 15-1-69.

¶9. Up until 2000, this Court had continuously held that Miss. Code Ann. § 15-1-59 (Rev. 2003), the minors savings clause, did not toll the one-year statute of limitation of the MTCA. In *Marcum v. Hancock County School Dist.*, 741 So. 2d 234 (Miss. 1999), a seventeen-year-old minor filed suit by and through her parents against the school district after suffering injuries while riding on the school bus. *Id.* at 235. However, the suit was filed one year and nine months after the alleged accident. *Id.* The circuit court dismissed the suit finding the one-year statute of limitations had expired. *Id.* On appeal Marcum argued the MTCA's one-year statute of limitations was tolled by the minors savings clause. This Court affirmed the judgment of the circuit court, holding:

> It is obvious that the Legislature intended the MTCA's one (1) year statute of limitations to be the controlling measure of time applied to any actions brought under the Act. The statute's use of the word "shall" represents a firm mandate and unambiguously closes the door of interpretation concerning which statute of limitations applies to the MTCA.
>
> ****

5

> We hold that § 11-46-11's one (1) year statute of limitations is not tolled by § 15-1-59's minor savings clause. The MTCA clearly mandates that a one (1) year statute of limitations be applied to any actions brought under the Act. Additionally, § 15-1-59's minor savings clause only applies to actions within that chapter and not to the MTCA.

*Id.* at 236-38.

¶10.    In *Hays v. Lafayette County School Dist.*, 759 So. 2d 1144 (Miss. 1999), a minor, by and through her mother, sued the school district after suffering injuries while riding on the school bus. *Id.* at 1144. The complaint was filed two years and six months after the alleged accident. *Id.* The circuit court granted the district's motion to dismiss after finding the suit was barred by the one-year statute of limitations. *Id.* at 1144-45. As in *Marcum*, Hays argued the one-year statute of limitations of the MTCA was tolled by the minors savings clause. Finding that the Legislature had contemplated the procedural limitation of a one-year statute of limitations, this Court held again that the minors savings clause did not toll the one-year statute of limitations in § 11-46-11. *Id.* at 1148.

> The savings clause of § 15-1-59 does apply to a wide range of actions within that chapter, which shows the careful considerations of the Legislature in carving out exceptions under that Act and others. This logic is understandable with regard to discovery of negligence in latent injury cases, where a physical manifestation of injury may be delayed. But the reasoning behind a specific statute of limitations for the MTCA reflects the Legislature's intent to limit waiver of sovereign immunity under Miss. Code Ann. § 11-46-5 (Supp. 1999), which sets the maximum limit of potential recovery by a plaintiff over a gradual time span.

*Id.* at 1147.

¶11.    However, during the 2000 session, the Legislature chose to amend Miss. Code Ann. § 11-46-11 by adding subsection (4), which stated:

6

From and after May 15, 2000,[2] if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings clause in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

By affirmative legislative action, the MTCA now contains a provision by way of the 2000 and 2002 amendments which effectively creates a minors savings clause thus tolling for minors the running of the applicable limitations period found in subsection (3).

¶12.    In his opinion and order finding Stockstill and Blanchard failed to comply with the filing requirements of the MTCA, the trial judge stated:

> The state legislature has had numerous opportunities to amend the MTCA to include such language as is in § 15-1-69 but it has chosen not to do so. As an example, in 1999 the Mississippi Supreme Court handed down its decision in *Hays v. Lafayette County School District*, 759 So. 2d 1144. In that case the Court was asked to extend the minor savings clause, § 15-1-59, to the MTCA and the Court refused to do so, stating the one year statute of limitations in the act was exclusive. *Id.* at 1147. Following the *Hays* decision, the legislature amended § 11-46-11 by adding subsection (4) which extended a savings clause for injured minors and persons of unsound mind. § 11-46-11(4) reads:
>
> > From and after May 15, 2000, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings clause in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.
>
> The Mississippi Supreme Court's holding in *Hays* is applicable to this case in the sense Plaintiffs wish for this Court to carve out a similar exception to the MTCA by applying § 15-1-69. This Court will not save Plaintiffs' case by so ruling. Plaintiffs arguably brought

---

2 The 2002 amendment, in subsection (4), substituted "April 1, 1993," for "May 15, 2000."

7

their suit in the wrong court within the one year statute of limitations when the notice and tolling provisions are taken into account, but there is simply no provision applicable to the MTCA which would act to correct Plaintiffs' error in attempting to sue the state in federal court.

¶13. We find that the learned trial judge was eminently correct. Following the strict language of the statute and based upon previous case law, we affirm the judgment of the circuit court. While § 11-46-11 makes no mention of a savings clause, other than for minors, § 15-1-1 specifically states § 15-1-69 will not apply if there is a shorter statute specified elsewhere. If it is the intent of the Legislature for a savings clause to apply to the MTCA, it will be in the power of the Legislature to amend the statute just it did in 2000 and 2002. The duty of this Court is to interpret the statutes as written. It is not the duty of this Court to add language where we see fit. "[O]ur primary objective when construing statutes is to adopt that interpretation which will meet the true meaning of the Legislature." *Anderson v. Lambert*, 494 So.2d 370, 372 (Miss. 1986) (citing *Baker v. State*, 327 So.2d 288 (Miss. 1976); *Carter v. Harrison County Election Comm'n*, 183 So.2d 630 (Miss. 1966); *Beard v. Stanley*, 205 Miss. 723, 39 So.2d 317 (1949)). "Our role is to determine the legislative intent and constitutionality of acts passed by the Legislature, and if we interpret a statute contrary to the intent or will of the Legislature, that body has the absolute authority to change the statute to suit its will." *Board of Sup'rs of Lamar County v. Hattiesburg Coca-Cola Bottling Co.*, 448 So.2d 917, 924 (Miss. 1984) (Hawkins, J., concurring in part & dissenting in part).

> **III.  WHETHER MISS. CODE ANN. § 11-46-11 IS UNCONSTITUTIONAL, AS IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION IN THAT IT DISCRIMINATES AGAINST INDIVIDUALS IN THE STATE OF MISSISSIPPI.**

¶14.    Stockstill and Blanchard argue for the first time on appeal that the MTCA violates the equal protection clause of the fourteenth amendment of the United States Constitution and discriminates against individuals in Mississippi. In *Marcum*, *supra*, we reaffirmed the well-established principle that, "[T]his Court has also consistently held that errors raised for the first time on appeal will not be considered, especially where constitutional questions are concerned." 741 So.2d at 238 (quoting *Ellis v. Ellis*, 651 So.2d 1068 (Miss.1995) (citing *Patterson v. State*, 594 So.2d 606, 609 (Miss. 1992)). *See also Contreras v. State*, 445 So.2d 543, 544 (Miss. 1984); *Smith v. State*, 430 So.2d 406, 408 (Miss. 1983)). Therefore, these claims are procedurally barred and are dismissed.

## CONCLUSION

¶15.    We are confronted today with an absolutely tragic death of a young man -- an event which consequentially inflicts extreme grief and hardship on an innocent family and friends.  However, our interpretation of clear legislative intent based on the unambiguous provisions of the Mississippi Tort Claims Act and our application of prior case law guide us unhesitatingly to the conclusion we reach today. Because the one-year statute of limitations had run, the trial court properly dismissed this action. Therefore, we affirm the trial court's judgment.

¶16.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND EASLEY, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING**.

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶17. The majority erroneously finds that the savings statute, Miss. Code Ann. § 15-1-69 (Rev. 2003), is not applicable to the Mississippi Tort Claims Act (MTCA). The savings statute is procedural and applicable to the MTCA; therefore I write separately to dissent.

¶18. Since 1993, the MTCA has provided the sole procedure and remedy for suing the State and its political subdivisions. The Act allows a claimant to initiate a lawsuit "within one (1) year next after the date of the tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based. . . ." Miss. Code Ann. § 11-46-11(3) (Rev. 2002). It is important to note that:

> The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertions of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

*Cole v. State*, 608 So.2d 1313, 1317 (Miss. 1992).

¶19. The savings statute in § 15-1-69 was first enacted in 1848. Miss. Code Ann. § 15-1-69 (Rev. 2003). It provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or **for any matter of form**, or if, after verdict for the plaintiff, the judgment for the plaintiff shall be reversed on appeal, **the plaintiff may commenced a new action for the same cause, at any time within one year after the abatement or other determination of the original suit,** or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death commence such new action, within the said one year.

(emphasis added). The purpose of the savings statute is "to protect parties who have mistaken the forum in which their causes should be tried; who simply entered the temple of justice by the door on the left, when they should have entered by the door on the right." *Ryan v. Wardlaw*, 382 So.2d 1078, 1080 (Miss.

1980).[3] "It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it." *Ryan*, 382 So.2d at 1080 (quoting *Tompkins v. Pac. Mut. Life Ins. Co.*, 53 W.Va. 479, 484, 44 S.E. 439, 441 (1903)).[4]

¶20.　The majority suggests that the application of the minors savings statute, Miss. Code Ann. § 15-1-59 (Rev. 2003), is analogous to the application of the savings statute, § 15-1-69. The minors savings statute provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 15-1-59 (Rev. 2003).

¶21.　We have continuously held the minor savings statute of § 15-1-59 inapplicable to the MTCA. However, this does not support a finding that the savings statute of § 15-1-69 is inapplicable to the MTCA. "The [minors] savings clause [§ 15-1-59] contemplates the person rather than the action, while

---

[3] *See also* **Wertz v. Ingalls Shipbuilding Inc.**, 790 So.2d 841, 845 (Miss. Ct. App. 2000) (holding the savings statute is inapplicable where the party seeking to invoke it has acted in bad faith by moving in order to establish diversity of citizenship in order to bring suit in federal district court).

[4] *See also* **Hawkins v. Scottish Union & National Ins. Co.**, 110 Miss. 23, 25, 69 So. 710, 712 (1915) (holding that the savings statute applied where the suit dismissed embraced the same cause of action sued on in the first suit, even though it also embraced other and distinct causes of action asserted against parties other than the defendant in the second suit).

a statute of limitations looks to the nature of the claim rather than the person." ***Hays v. Lafayette County Sch. Dist.***, 759 So.2d 1144, 1148 (Miss. 1999) (citing ***Arender v. Smith County Hosp.***, 431 So.2d 491, 494 (Miss. 1983)).[5]  The savings statute found in § 15-1-69 is procedural and consistent with the purpose of the MTCA statute of limitations.  We have found the savings statute to be procedural in nature and stated that "the 'saving statute' applies to 'action[s]' and 'original suits' dismissed 'for any matter of form.'"***Deposit Guar. Nat'l Bank v. Roberts***, 483 So.2d 348, 352 (Miss. 1986) (citing Miss. Code Ann. § 15-1-69).  The savings statute applies to "actions," whereas the minors savings statute applies to "persons."  There is a distinct difference between the two.  One is clearly substantive, and the other is clearly procedural.  Additionally, the savings statute is consistent with the purpose of the MTCA statute of limitations.  As we stated in ***Cole***,

> "[T]he primary purpose of statutory time limitations is to compel the exercise of action within a reasonable time."  These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.

608 So.2d at 1317.  The savings statute does nothing more than allow time for the refiling of a valid and timely claim filed in good faith that was dismissed for lack of jurisdiction.  It is in no way inconsistent with the goal of a MTCA statute of limitations.  The State and its agencies still enjoy timely notice of claims pending against them because in order for § 15-1-69 to apply, the original claim must have been timely filed.

---

[5]*See also* ***Marcum v. Hancock County Sch. Dist.***, 741 So.2d 234, 237 (Miss. 1999) (holding the minors savings statute inapplicable to the MTCA); ***Cole v. State***, 608 So.2d 1313, 1316-17 (Miss. 1992) (holding the minors savings statute inapplicable to the UPCCRA statute of limitations).

¶22. Furthermore, the case sub judice is not like ***Marcum v. Hancock County School Dist.,*** 741 So.2d 234 (Miss. 1999), and the other minors savings statute cases where the defendants were not on notice before the running of the MTCA one-year statute. Here all defendants were on notice of the pending lawsuit within the one-year statute of limitation. All defendants were served with a notice of claim prior to the filing of the suit, and all were served with the complaint within the one-year statute. There can be no argument that they were prejudiced by delay in notice or that the state treasury was prejudiced by delay.

¶23. Despite the absence of any reference to the savings statute in the MTCA, it is still applicable. If the Legislature had wanted to exclude its application, it would have specifically stated so in the Act. Likewise, just because the Legislature chose not to include a reference to such section does not support a finding that the application of the savings statute for purposes of the MTCA was effectively repealed. "[I]mplied repeals are not favored." ***Ex parte McInnis***, 98 Miss. 773, 776, 54 So. 260, 262 (1911).[6]

¶24. The majority erroneously finds that § 11-46-11 is a specific statute and § 15-1-69 is a general statute and, therefore, § 11-46-11 controls. It is true that "terms of a specific statute control the terms of a general statute." ***Lenoir v. Madison County***, 641 So.2d 1124, 1128 (Miss. 1994) (citing ***Townsend v. Estate of Gilbert***, 616 So.2d 333, 335 (Miss. 1993)).[7] However, the specific/general doctrine of

---

[6] *See also* ***Greenville Pub. Sch. Dist. v. Western Line Consol. Sch. Dist.***, 575 So.2d 956, 963 (Miss. 1990) (holding that the subsequent enactment of a statute covering the entire field of operation of another statute supported a finding of implied repeal); ***Smith v. City of Vicksburg***, 54 Miss. 615, 617 (1877) (holding where a conflict exists between two statutes, the most recent prevails); ***Pons v. State***, 49 Miss. 1, 3 (1873) (holding repeal by implication upheld where statutes are complete repugnant to one another); ***White v. Johnson***, 23 Miss. 68, 71 (1851) (holding newly enacted 1844 statute of limitation repeals 1842 statute of limitations since they are repugnant).

[7] *See also* ***Benoit v. United Cos. Mortg. of Miss.***, ***Inc.***, 504 So.2d 196, 198 (Miss. 1993) (holding borrower's prepayment was not subject to scrutiny of general usury statute).

statutory construction deals with statutes "that encompass the same subject." *Lenoir*, 641 So.2d at 1129-30 (citing *Andrews v. Waste Control, Inc.*, 409 So.2d 707, 713 (Miss. 1982)). The two statutes at hand do not encompass the same subject matter and are not repugnant to one another. Section 11-46-11 deals with the notice of claim and statute of limitation for causes of action against the State and its agencies. The savings statute, § 15-1-69, deals with the procedure and time limits for refiling of a suit after the cause has been dismissed. It is clear that these statutes are different and do not encompass the same subject matter.

¶25.     Furthermore, the majority incorrectly finds that § 15-1-1 shows a clear intent for § 15-1-69 not to apply to the MTCA. Section 15-1-1 provides:

> The provisions of this chapter shall not apply to any suit which is or shall be limited by any statute to be brought within a shorter time than is prescribed in this chapter, and such suit shall be brought within the time that may be limited by such statute.

This statute stands for the proposition that Title 15, Chapter 1 statutes of limitations do not control over statutes of limitations in other Chapters which are specific to certain causes of action. But § 15-1-69 is not a statute of limitation. It is a procedure for refiling of a suit after the action has been dismissed. Therefore, § 15-1-1 does not control its application to the MTCA.

¶26.     The majority erroneously finds that since § 11-46-11 contains a savings provision for infancy and unsoundness of mind, there is a clear intent by the Legislature not to include the protections of § 15-1-69. Miss. Code Ann. § 11-46-11(4) (Rev. 2002) provides that:

> From and after April 1, 1993, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

As discussed earlier, savings clauses in favor of infancy and unsoundness of mind are substantive in nature. The Legislature's addition of such a clause is in no way conclusive that it intended to exclude the application of § 15-1-69, which is procedural in nature. Likewise, this provision could be read to show an intent by the Legislature only to limit the broad application of § 15-1-59, therefore leading to the conclusion that since it failed to address the application of § 15-1-69, the Legislature must have condoned its application. Furthermore, we have applied other legal doctrines not specifically permitted under the MTCA. For instance, this Court has held that "[d]espite the absence of specific discovery language in the statute [§ 11-46-11], we find that the discovery rule applies." *Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 204 (Miss. 1999). Section 11-46-11 does not provide a discovery rule to allow for the tolling of the statute of limitations; yet this Court has repeatedly held it applicable. *Henderson v. Un-Named Emergency Room, Madison County Med. Ctr.*, 758 So.2d 422, 427 (Miss. 2000); *Pickens v. Donaldson*, 748 So.2d 684, 690 (Miss. 1999); *Barnes*, 733 So.2d at 20. Likewise, we have found the discovery rule applicable to other statutes of limitations. *See Donald v. Amoco Prod. Co.*, 735 So.2d 161, 161 (Miss. 1999); *Evans v. Boyle Flying Serv., Inc.*, 680 So.2d 821, 829 (Miss. 1996); *Tabor Motor Co. v. Garrard*, 233 So.2d 811, 814 (Miss. 1970).

¶27. The requirements for § 15-1-69 to apply and thereby allow for one year for refiling include: (1) an action duly commenced within the time allowed; (2) the writ is abated or the action is dismissed or defeated by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal; (3) the plaintiff exercised good faith in filing action; and (4) there was no adjudication on the merits. Miss. Code Ann. § 15-1-69 (Rev. 2003); *Deposit Guar. Nat'l Bank*, 483 So.2d at 352; *Ryan*, 382 So.2d at 1080;

*Frederick Smith Enterprise Co. v. Lucas*, 204 Miss. 43, 36 So.2d 812, 814 (1948); *Hawkins,* 69 So. at 710-13; *Wertz,* 790 So.2d at 842. All of these requirements are met here.

¶28. The original action in the federal district court was duly commenced within the time allowed. The accident causing James's death occurred on December 28, 1998. The MTCA allows for a one-year statute of limitations. Stockstill and Blanchard provided notice as required by statute which entitled them to additional time to file. The Appellants' Brief states "[t]he one-year statute of limitations which controls this cause of action against the State of Mississippi was extended by virtue of the statutory letter propounded to the Executive Directors of each agency of the State of Mississippi as well as the Attorney General for the State of Mississippi." Additionally, the State never argued that the action in federal district court was untimely filed; therefore any question as to its timeliness is waived. The State argued that since the action was filed in the wrong jurisdiction it does not receive the protection of § 15-1-69 because it was not duly commenced. This argument is contrary to precedent. In *Hawkins*, this Court stated that " 'duly commenced' does not require that the action shall show jurisdiction in the court if commenced in good faith." 69 So. at 710. Likewise in *Ryan*, this Court stated that "we do not understand that the action which was dismissed, in order to be duly commenced within the meaning of the statute, must necessarily have been commenced in a court having jurisdiction over the subject matter." 382 So.2d at 1080. Here, Stockstill and Blanchard filed their action in the federal district court because they believed that to be the appropriate jurisdiction for their causes of action. There was no bad faith in their selection of jurisdiction. Additionally, in *Ryan* this Court held that "we think one of the designs of the statute . . . is to protect parties who have mistaken the forum in which their causes should be tried, who simply entered the temple of justice by the door on the left, when they should have entered by the door on the right." *Id.* In *Hawkins*, we acknowledged that there may be instances " 'where the want of jurisdiction is so clear that the bringing of

16

a suit therein would show such gross negligence and indifference as to cut the party off from the benefit of the savings statute.' " 110 Miss. at 25, 69 So. at 712 (quoting *Smith v. McNeal*, 109 U.S. 426, 430, 3 S. Ct. 319, 321, 27 L. Ed. 986 (1883)). This is not one of those instances. Stockstill and Blanchard asserted subject matter jurisdiction based on the Suits in Admiralty Act and general maritime law. There was no gross negligence or indifference in their selection of forum.

¶29. The action in the federal district court was dismissed without prejudice due to lack of subject matter jurisdiction. The federal district court found that the Eleventh Amendment to the U.S. Constitution prevented it from hearing the claims asserted against the State and its agencies and issued an order granting the State's motion to dismiss without prejudice. We have stated that "a cause dismissed for want of jurisdiction, [is] a cause dismissed for 'matter of form' for purposes of the saving statute § 15-1-69, and can be refiled within a year of dismissal, although second filing is beyond the original statute of limitations." *Deposit Guar. Nat'l Bank*, 483 So.2d at 348. Therefore, the federal district court's dismissal without prejudice for lack of subject matter jurisdiction is a "matter of form" within the meaning of the savings statute.

¶30. Stockstill and Blanchard exercised good faith in their filing of the original action in the federal district court. "The Savings Statute, Section 15-1-69, is only available when the cause in good faith is erroneously misfiled." *Wertz*, 790 So.2d at 845.[8] There was no evidence presented by the State that rebuts Stockstill and Blanchard's good faith in filing. They asserted the court had subject matter jurisdiction under the Suits in Admiralty Act and general maritime law. They did not attempt to procure jurisdiction through fraud or attempt to affix jurisdiction through the assertion of frivolous claims. These facts are unlike those in *Wertz*,

---

[8] *See also* **Hawkins**, 69 So. at 713 (holding the savings statute applicable in a suit to collect insurance).

17

where the court found lack of good faith when the plaintiff moved to Louisiana in order to establish diversity of citizenship in an effort to affix jurisdiction in federal court. 790 So. 2d at 845.

¶31.    There was no adjudication on the merits. It has been held that a dismissal for lack of jurisdiction is not an adjudication on the merits. *Lowry v. Int'l Bhd. of Boilermakers*, 259 F.2d 568, 570 (5th Cir. 1958).[9]

¶32.    We have stated that " '[i]t is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it.' " *Ryan*, 382 So.2d at 1080 (quoting *Tompkins*, 53 W. Va. at 484). The facts presented illustrate why the savings statute is important. Stockstill and Blanchard timely filed their action in federal district court. Upon the dismissal for lack of subject matter jurisdiction, they promptly instituted the second action in state court to preserve their rights.

¶33.    Under these guidelines, it is clear that the present facts create a situation in which judicial statutory tolling is authorized. The State was given ample notice of the claim through the timely filing of the first action and is therefore not prejudiced by the necessary refiling. Likewise, such a finding is consistent with the

---

[9] *See also* **Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (holding res judicata and collateral estoppel are inapplicable to a dismissal without prejudice); **Ryan v. Wardlaw**, 382 So.2d at 1080 (holding plaintiffs' negligence suit, which was filed a few days after the applicable six year statute of limitations, was timely filed within the limitation period under the savings statute governing commencement of a new action subsequent to abatement or defeat of original action); **Wertz,** 790 So.2d at 844 (holding savings statute inapplicable where federal court suit was subsequently dismissed where plaintiff had acquired diversity jurisdiction through fraud).

purpose of a statute of limitations as stated above. To allow the State to escape liability upon the backs of the plaintiffs and exploit their choice of mistaken forum, would create grave injustice.

¶34. Stockstill and Blanchard timely filed their complaint in the federal court. Under the savings statute, § 15-1-69, their second suit in the Circuit Court of Pearl River County, Mississippi, was timely filed within the one-year extension provided for dismissals due to matter of form. The majority's affirmance of the trial court's dismissal of this action is erroneous. The trial court's judgment should be reversed and remanded for further proceedings. For these reasons, I dissent.