COLEMAN, JUSTICE,
DISSENTING:
¶ 31. The quasi-contractual nature of property-settlement - agreements notwithstanding, child support-awards are legally enforceable not because the parties might agree to them but because the court orders them. To the extent that the majority holds that the controlling principles of law empower an award of child support to a child not of the marriage because the parties agree to such child support in the property-settlement agreement, I cannot join it.
¶ 32. Property-settlement agreements may well be, as the majority writes, quasi-contractual in nature, but the.authority of a chancery court to award child support does not arise from or depend upon the bargaining of the parties. “[WJhile it is true that property-settlement agreements are, in many respects, enforceable contracts, they do not trump a chancellor’s obligation to decide alimony, property-division, and child-support issues based on established legal principles.” West v. West, 88 So.3d 735, 741 (¶ 20) (Miss. 2012) (emphasis added). When property-settlement agreements concerning alimony and child-support are enforceable at law, it is not because the parties agreed to them but because the chancery court confirms and approves them. Id.
¶ 33. Mississippi Code Section 93-5-23 provides, in pertinent part, as follows:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having, regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the *380 care, custody and maintenance of the children of the marriage....
The above-quoted section delineates what a chancellor, ⅛ an exercise of discretion, may do. It empowers the chancery court to make orders touching the “maintenance of children of the marriage,” but it offers no power to the chancery court to use the court’s authority to make provisions for children not of the marriage. Put differently, the “established legal- principles” discussed by the West Court, upon which child support awards must be based, do not authorize a child support award to a step-great-grandchild.
■ ¶ 34. Because it is ultimately the.power of a court decree that establishes binding child support obligations, and not the agreement of the parties, I would hold that the chancery court in the case sub judice erred by requiring Thomas to continue making the four-hundred-dollar monthly payments’ pursuant to its authority to award child support. The quotation of a footnote from Williams v. Williams, 843 So.2d 720, 723 (¶ 17) n.1 (Miss. 2003), by the majority does not persuade me otherwise. In the footnote, which is dicta, the Williams Court clarified its holding by writing, “Those who have adopted the child or voluntarily and knowingly assumed the obligation of support will be required to continue doing so.” Id. The quoted language is clearly dicta, as it is not necessary to the Williams Court’s holding. Moreover, the footnoted language was inserted with no further analysis of the chancery court’s power to order child support payments in favor of a child not of the marriage.
¶ 35. To a significant extent, the majority’s citation of Section 159 of the Mississippi Constitution and Short v. Short, 131 So.3d 1149 (Miss. 2014), supports my position, set forth above, that it is the power of the court — as opposed to an agreement between the parties-^-that obligates the noncustodial parent to pay child support. Section 159 is jurisdictional, and without doubt it grants chancery courts jurisdiction in “matters and cases”- concerning divorce, alimony, and minors’ business. I do not suggest otherwise, nor do I suggest that a chancellor may not accept a settlement agreement that governs child-support payments under the right conditions. What I do maintain is that, after the question of subject-matter jurisdiction is settled, there remains the question of what, under our substantive law elsewhere announced, i.e., statutes, child support is. In Section 93-5-23, the Legislature has announced that it is something awarded for “the care, custody and maintenance of the children of the marriage.... ” Miss. Code Ann. § 93-5-23 (Rev. 2013) (emphasis added).
¶36. In responding to my dissent, the majority takes the position that the Section 159 grant of jurisdiction also grants substantive power to chancellors to grant child support to children not of the marriage even though the Legislature has defined child support awards as awards made for the children of the marriage. In doing so, the majority at least suggests that the Section 93-5-23 demarcation is unconstitutional. However, the majority cites no other authority to suggest that the Legislature does not have the power to define child support. The Legislature is the policy-making body, Little v. Mississippi Department of Transportation, 129 So.3d 132, 138 (¶ 12) (Miss. 2013), and has determined that child support may be awarded by chancery courts to children of a marriage. Without holding beyond a reasonable doubt that the statutory law is unconstitutional, we should follow it and not seek to change it. Stockstill v. State, 854 So.2d 1017, 1022-23 (¶ 13) (Miss. 2003) (quoting Anderson v. Lambert, 494 So.2d 370, 372 *381 (Miss. 1986)). Because it is, indeed, the constitutionally granted power of the chancery' court to award child support and enforce the award that gives such an award force, and the statutes define child support in a way that does not include the step-great-grandchild, the chancery court did not have the authority to enforce the four-hundred-dollar monthly payment obligation as child support.
¶ 37. Accordingly, I respectfully dissent and would reverse the chancellor’s judgment and remand for further proceedings.
RANDOLPH, P.J., JOINS THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.