# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01462-SCT

*TIE-REACE HOLLINGSWORTH, A MINOR BY AND THROUGH JUDIA McDONALD, HIS MOTHER AND NEXT FRIEND*

*v.*

*CITY OF LAUREL, MISSISSIPPI, OFFICER MACON DAVIS, IN HIS OFFICIAL CAPACITY WITH THE LAUREL POLICE DEPARTMENT, AND LAUREL POLICE DEPARTMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/15/2000 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEBORAH J. GAMBRELL |
| ATTORNEYS FOR APPELLEES: | HAROLD WAITS MELVIN |
| | PATRICIA FRANCINE MELVIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 2/28/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/21/2002 |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. This is an appeal from a judgment of dismissal granted by the Jones County Circuit Court to Officer Macon Davis and the City of Laurel of a civil action that had been filed against them by Tie-Reace Hollingsworth, a minor, by and through Judia McDonald, his mother and next friend (Hollingsworth).

.**FACTS AND PROCEEDINGS BELOW**

¶2. Hollingsworth alleges that on the 10th day of September, 1998, he was involved in a physical altercation with Macon Davis, a Laurel Police Department officer, which resulted in injuries to his knees that required medical care and surgery. Hollingsworth claims that while he was on his way to pick up his mother from work in Laurel, he was stopped by Officer Davis and instructed by him to exit the vehicle so that a search could be conducted. Hollingsworth contends that he protested the search, but complied with Davis's request to get out of the vehicle, whereupon Davis sprayed him with mace and tackled him. Hollingsworth was taken into custody and charged with a noise ordinance, seatbelt violation, improper equipment, possession of cocaine less than 1/10 of an ounce, failure to obey lawful order, resisting arrest and simple assault.

¶3. As a result of these injuries, Tie-reace Hollingsworth, by and through his mother, Judia McDonald, filed a claim on December 15, 1999 against Davis and the Laurel Police Department pursuant to the Mississippi Tort Claims Act (Section 11-46-1, et seq. of the Miss. Code Ann.) claiming that Davis's actions were

tortious.

¶4. Davis filed an answer to the complaint January 28, 2000, denying much of Hollingsworth's complaint, but admitting that he did arrest Hollingsworth on September 10, 1998, that Hollingsworth resisted arrest, and asserting that he did not use improper force in making the arrest. Davis also set forth affirmative defenses that the suit was time barred pursuant to Miss. Code Ann. § 11-46-11, and that the suit was also barred because he had acted within the course and scope of his employment in accordance with Miss. Code Ann. § 11-46-9(c)(d).

¶5. The City of Laurel entered a special appearance on January 28, 2000, to assert that the Laurel Police Department was not a legal entity capable of being sued or served with process, that no suit regarding this matter had been filed against the City of Laurel within the statute of limitations and extended time, and that the suit should be dismissed with prejudice.

¶6. Notice of Hearing of the Special Appearance of the City of Laurel was originally set for February 28, 2000, and then changed to March 20, 2000. The hearing occurred on March 20th, where the City of Laurel asserted that the suit had not been filed within the statutory time, causing it to be barred by the statute of limitations and that the police department of the City of Laurel was not a legal entity against which suit could be brought.

¶7. Hollingsworth countered by stating that the suit had properly commenced in 1999 by notice being given to the mayor who was the acting police chief at the time. Hollingsworth also asserted that he was allowed a longer period of time in which to file suit due to § 11-46-11 of the Miss. Code Ann. being changed effective March, 1999, whereby the period to file suit was increased from ninety-five (95) to one hundred and twenty (120) days. The City of Laurel responded by arguing that the amendment to § 11-46-11 occurred after this matter had already begun and that the new time period established in the amendment was not retroactive. The City of Laurel also asserted that even if the new one hundred and twenty (120) day rule was applied to the suit, it would still not cover the City of Laurel because process had not been served. Hollingsworth rebutted this by reiterating that notice had been served on the Mayor when she was also acting as police chief, and that notice was also served on the city clerk of Laurel. The hearing concluded with the trial court requesting that each side submit authority to him within thirty days.

¶8. Hollingsworth filed an answer April 5, 2000, in response to the Special Appearance filed by the City of Laurel asserting that Davis was sued in his official capacity with the Laurel Police Department, that the Laurel Police Department was a legal entity of the City of Laurel, and that service on an agent of the city perfected service on the governing body preserving Hollingsworth's right to amend his pleadings to allow proper joinder of the City of Laurel. Hollingsworth simultaneously filed a Motion for Leave to Amend Pleadings to join the City of Laurel in the suit.

¶9. On August 15, 2000, a judgment of dismissal was entered by the trial judge in favor of Davis and the City of Laurel. The trial court found that (1) "Officer Davis was in the scope of his authority as a police officer of the City of Laurel and that as such, Officer Davis is entitled to qualified immunity"; and (2) that "[t] he incident had occurred on September 10, 1998 and suit was filed on January 15, 2000.[1] Under Miss. Code Ann. § 11-46-11, this suit must be filed by January 14, 2000 [2] or be barred by the statutory limitation." The suit was then dismissed with prejudice.

¶10. Aggrieved by this result, Hollingsworth timely perfected this appeal.

## DISCUSSION

**I. DID HOLLINGSWORTH FILE SUIT WITHIN THE NOTICE OF CLAIM AND STATUTE OF LIMITATIONS PROVISIONS AS SET OUT IN THE MISSISSIPPI TORT CLAIMS ACT (MISS. CODE ANN. § 11-46-11(3))? IS THE MARCH 25, 1999 AMENDMENT TO THIS CODE SECTION RETROACTIVE?**

¶11. As of September 10, 1998, the date of the incident at issue, Miss. Code Ann. §11-46-11(3) appeared as follows:

> **All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days.** The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11(3) (Supp. 1999) (emphasis added).

¶12. Hollingsworth claims that suit was timely filed within the notice of claim and statute of limitations provisions. His arrest and injury occurred September 10, 1998. Hollingsworth filed his complaint on December 15, 1999, one year and ninety-six days after the incident.

¶13. Hollingsworth contends that the notice of claim and statute of limitations under which his suit was filed allows for a year and one hundred and twenty (120) days, which would put his complaint well within the time period allowed.

¶14. On March 25, 1999, after the incident in the present case, but before suit had been filed, the Mississippi Legislature amended Miss. Code Ann. § 11-46-11(3), as follows:

> **All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim.** After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity. All notices of denial of claim shall be served by governmental entities

upon claimants by certified mail, return receipt requested, only. For purposes of determining the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim shall be effective upon delivery by the methods statutorily designated in this chapter. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11(3) (Supp. 2001) (emphasis added).

¶15. Hollingsworth asserts that the amendment to §11-46-11(3) is retroactive and should be the version of the statute with which he had to comply because the filing of the suit came after the amendment had been enacted.

¶16. This Court has addressed the issue of retroactivity of amendments to statutes, specifically focusing on sections contained in the Mississippi Tort Claims Act. In **Jones v. Baptist Mem. Hosp.-Golden Triangle, Inc.**, 735 So.2d 993 (Miss. 1999), this Court held that if a statute is to apply "effective from and after passage," it is not to apply to causes of action that have accrued prior to the passage of the statute. This Court made the following analysis:

Although the present case concerns the retroactivity of numerous sections of the Sovereign Immunity Act rather than solely paragraph (m) of § 11-46-9, the intent of this Court is clear. **If the statutory language mandates that the statute is to apply from and after passage, it is not to be applied retroactively to causes of action which accrued prior to passage of the statute.** The cause of action in this case accrued prior to the enactment of § 11-46-3 (providing immunity to the state and its political subdivisions, approved April 1, 1993) and 11-46-11 (providing for notice of claim requirement and one year statute of limitations, approved April 1, 1993).

735 So. 2d at 998 (emphasis added). *Cf.* **Hudson v. Moon**, 732 So.2d 927, 931-32 (Miss. 1999) (statutes will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression; they will not be construed to be retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is). *See also* **Fortune v. Lee County Bd. of Supervisors**, 725 So.2d 747 (Miss. 1998); **State ex rel. Moore v. Molpus**, 578 So.2d 624 (Miss. 1991).

¶17. This Court, however, has carved out a narrow exception to this rule. In **Kilgore v. Barnes**, 508 So. 2d 1042 (Miss. 1987), this Court stated that where an amended statute remedially lengthens a statute of limitations, it will apply the amendment to existing causes:

[M]ost other jurisdictions recognize the authority of legislatures to enlarge periods of limitation with respect to existing claims, that is, claims not barred at the time of elongation. This is consistent with our general principle that an act remedial in its character embraces claims existing when the act was passed. **Excelsior Mfg. Co. v. Keyser**, 62 Miss. 155, 158 (1884).

**Kilgore**, 508 So. 2d at 1045 (citations omitted). *See also* **Fluor Corp. v. Cook**, 551 So. 2d 897 (Miss. 1989). While not completely retroactive, this exception gathers the claims pending at the time of the

statute's amendment and not barred by its previous limitation and gives them the benefit of the longer limitations period. To the extent this rule conflicts with our prior holding in *Newman v. Foster*, 1 So. 505 (Miss. 1887), *Newman* is overruled.

¶18. This exception applies to the present case. Before Hollingsworth gave notice to the Laurel Police Department, the Legislature extended the period the statute of limitations is tolled after notice is given from ninety-five (95) days to one hundred twenty (120) days. Hollingsworth timely filed suit within this larger period of time. Therefore, the trial court erred when it dismissed his action against the Laurel Police Department and Officer Davis as barred by the prior statute of limitations.

### II. DID THE SUIT BEING FILED AGAINST THE LAUREL POLICE DEPARTMENT AND OFFICER DAVIS TOLL THE STATUTE OF LIMITATIONS AND ALLOW FOR JOINDER OF PARTIES AND AMENDMENT TO THE COMPLAINT?

¶19. Before Hollingsworth's case was dismissed, he moved the trial court to allow him to amend the complaint to name the City of Laurel as a defendant. Since we have held Hollingsworth's complaint was timely filed and since the trial judge has not ruled upon the motion to amend the complaint, the motion to amend is not properly before us, and we will not address its merits on this appeal. We refer the trial court to Rule 15 of the Mississippi Rules of Civil Procedure and Mississippi case law on amending complaints for guidance.

### CONCLUSION

¶20. We hold the amendment lengthening the statute of limitations for claims brought under the Mississippi Tort Claims Act applies to causes of action accruing before the amendment was enacted which were not barred by the prior statute of limitations. Therefore, the trial court's judgment dismissing this action against the Laurel Police Department and Officer Davis is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

¶21. **REVERSED AND REMANDED.**

**McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY.**

1. This is a scrivener's error by the trial court as Hollingsworth's complaint was actually filed December 15, 1999.

2. Because of the trial court's scrivener's error regarding the date the complaint was filed, it would appear that it was the trial court's intention to state that the date by which the suit had to be filed for it to be within the statute of limitations was the day prior to when it was actually filed, i.e., December 14, 1999.