# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-00152-SCT

*UNIVERSITY OF MISSISSIPPI MEDICAL CENTER*

*v.*

*DEBRA JENKINS ROBINSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/8/2003 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WHITMAN B. JOHNSON, III |
| | MARJORIE SELBY BUSCHING |
| ATTORNEYS FOR APPELLEE: | ANTWAYN LAVELL PATRICK |
| | HIAWATHA NORTHINGTON |
| | KATRINA M. BIBB GIBBS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 07/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     A suit was filed in 2002 regarding injuries suffered by a child during a medical procedure in July of 1995. The University of Mississippi Medical Center (UMC) argues that at the time of the injury the controlling version of the Mississippi Tort Claims Act (MTCA) provided a strict one year statute of limitations and that the failure to file the claim prior to the running of such rendered the claim barred. Debra Jenkins Robinson, the mother of the child, contends that a subsequent amendment to the MTCA tolled the

running of the statute of limitations. UMC counters arguing that any subsequent amendment to the MTCA which revives a barred claim is unconstitutional.

¶2.     Per Article 4, § 97 of the Mississippi Constitution, we hold that the March 2002 amendment to § 11-46-11(4) is unconstitutional. We reverse and render.

## FACTS

¶3.     In July of 1995 Debra Robinson took her six-week-old son Kenny to the University of Mississippi Medical Center in Jackson, Mississippi, because she suspected he had a bowel obstruction. He did, and an emergency colostomy was performed. While the procedure went well, Kenny suffered chemical burns on his left arm from where he was intravenously administered a large dosage of calcium chloride. Two separate doctors recorded in his medical chart the presence of burns on his arm. One remarked that the damaged skin was actually "sloughing" off the arm. The burns have resulted in scars and an alleged reduction of use in the arm.

¶4.     In 1993 the Legislature enacted the Mississippi Tort Claims Act, which codifies the immunity of the state and state employees in certain situations. *See* Miss. Code Ann. § 11-46-1 ("The term 'employee' shall also include any physician . . . or other health care practitioner employed by the University of Mississippi Medical Center"). The MTCA has a one-year statute of limitations. Miss. Code Ann. § 11-46-11 (Rev. 2002).

¶5.     Counsel for Robinson requested medical records from UMC in January of 1996 and again in both April and May of 1996. Nevertheless, no suit was filed until January of 2002. At that point the one-year statute of limitations had clearly run, and the claim was barred. However, in March of 2002, the Legislature amended § 11-46-11(4) of the MTCA. As will be discussed, Robinson contends that the

2

amended MTCA cleared any confusion regarding the applicability of the minors savings clause. Miss. Code Ann. § 11-46-11(4). Relying on Article 4, § 97 of the Mississippi Constitution, UMC contends that the 2002 amendment to § 11-46-11 is unconstitutional.

¶6. The trial court denied UMC's motion for summary judgment. This Court granted UMC permission to bring this interlocutory appeal on the issue of the constitutionality of the § 11-46-11. *See* M.R.A.P. 5. As required by M.R.A.P. 44(a) and M.R.C.P. 24(d), counsel for UMC certified that he served a copy of UMC's brief on the Attorney General. No response was filed on behalf of the State.

## ANALYSIS

### I. The Constitutionality of the Several Amendments to § 11-46-11.

¶7. At the outset, we recount the relevant amendments to the MTCA. The MTCA was enacted in 1993 to create a limited waiver of sovereign immunity of the state and its political subdivisions. ***Marcum v. Hancock County Sch. Dist.***, 741 So.2d 234, 236 (Miss. 1999). As first enacted, the MTCA provided a strict one-year statute of limitations. ***Id***. In ***Marcum***, this Court considered whether the *general* savings clause applies to the MTCA and held "that § 11-46-11's one (1) year statute of limitations is not tolled by [the general] minor savings clause." ***Id***. at 236-38 (emphasis added). "The MTCA clearly mandates that a one (1) year statute of limitations be applied to any actions brought under the Act." ***Id***. *See also* ***Stockstill v. State***, 854 So.2d 1017, 1021 (Miss. 2003)***; Hays v. Lafayette County Sch. Dist.***, 759 So. 2d 1144, 1147-48 (Miss. 1999).

3

¶8.    Robinson contends that as a result of the holding in *Marcum*, the Legislature amended § 11-46-11 to include a savings clause.  In April of 2000, subsection (4) was added to § 11-46-11.  Subsection (4) provided:

> From and after May 15, 2000, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

S.B. 2974, 2000 Miss. Laws ch. 315.  The practical result of this amendment is that as of May 15, 2000, any injured party under disability of infancy or unsoundness of mind whose remedy is not yet barred by the statute of limitations may avail themselves of the savings clause.  Because it was prospective in nature, this amendment created no constitutional issues.  Indeed, this amendment only enhanced or extended the rights of actions still existing.  It did not include any retroactive language nor did the language indicate that the Legislature sought to revive any barred claims.

¶9.    In 2002, the Legislature again amended § 11-46-11 by changing the effective date of subsection (4).  This final version, and that which is presently before the Court, provides:

> (4) From and after April 1, 1993, if any person entitled to bring any action under this chapter shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. § 11-46-11 (Rev. 2002).  It is this second amendment which today we find unconstitutional under Miss. Const. § 97.

4

¶10. Statutory interpretation is a matter of law which we review in its entirety. *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1206 (Miss. 2002). We presume a statute is constitutional unless the challenging party is able to prove unconstitutionality beyond a reasonable doubt. *Id*. *See also Miss. Power Co. v. Goudy*, 459 So.2d 257, 263 (Miss. 1984). All doubt must be resolved in favor of the validity of a statute. *Loden v. Miss. Pub. Serv. Comm'n*, 279 So.2d 636, 640 (Miss. 1973). It is our duty to adopt a construction of the statutes which purges the legislative purpose of any constitutional invalidity, absurdity, or unjust inequality. *Fortune v. Lee County Bd. of Sup'rs*, 725 So.2d 747, 752 (Miss. 1998); *Cole v. Nat'l Life Ins. Co.*, 549 So.2d 1301, 1305 (Miss. 1989). Our primary objective when construing statutes is to adopt that interpretation which will meet the true meaning of the Legislature. *Stockstill*, 854 So.2d at 1023.

¶11. As originally enacted, § 11-46-11 required that Robinson's claim be filed within one year of the date of the tortious conduct. Unfortunately, because no claim was filed by the end of July 1996, Robinson's claim was time barred. "The effect of the attachment of the bar of the statute of limitations appears well-established in Mississippi." *Cole*, 549 So.2d at 1305. This bar is a vested right which cannot be revived. *Id*. (citations omitted); *see also* Miss. Code Ann. § 15-1-3 (Rev. 2003) ("The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."). The running of the statute of limitations is the point where one's right to pursue a remedy is extinguished and another's vested right in the bar rises.

¶12. Article 4, § 97 of the Mississippi Constitution provides: "The legislature shall have no power to revive any remedy which may have become barred by lapse of time, or by any statute of limitations of this

state." The principle espoused in § 97 of the 1890 constitution is firmly grounded under Mississippi law. *See* **Woodman v. Fulton**, 47 Miss. 682, 684 (1873) ("that the bar created by the statute of limitations . . . once vested, cannot be taken away by legislative action."). In **Davis v. Minor**, 2 Miss. 183 (1835), Chief Justice Sharkey declared for the Court that "it is clear that the moment the remedy was gone, by the running of the statute, the right was gone also . . . and [a party] could not be deprived of the privilege . . . by subsequent legislation." **Id**. at 189. There are compelling reasons for our constitution to forbid resurrecting a barred claim:

> It is reasonable and just, and, indeed, altogether important, that some period of time by legislative enactment should be fixed, beyond which debts and property cannot be recovered; otherwise the debtors or owners would never be free from liability to useless litigation, and courts of justice would be thronged with suitors, seeking, either ignorantly or fraudulently, to possess themselves of that which in justice they should not claim to recover.

**Id.** at 190.

¶13.	This Court recognized the adoption of the MTCA's savings clause in dicta. *See* **Stockstill**, 854 So.2d at 1022. However, this question of unconstitutionality was not brought before us then. "[W]here an amended statute remedially lengthens a statute of limitations, [we] will apply the amendment to *existing* causes." **Hollingsworth v. City of Laurel**, 808 So. 2d 950, 954 (Miss. 2002) (citations omitted). Of course to do so requires that the amendment or statute be constitutional. **Fortune**, 725 So. 2d at 752-53.

¶14.	In the case sub judice, by the time the Legislature first amended § 11-46-11 to include a minor savings clause, Robinson's claim was barred, and thus could not be revived. Though the Legislature enjoys

a great deal of authority under the Mississippi Constitution, its second attempt to amend § 11-46-11(4) is specifically prohibited by § 97.

¶15.    Moreover, the facts of the instant case do not support creating an exception to Miss. Const. § 97 as Robinson now requests. The compelling argument to create a policy exception to protect minors is handicapped by the fact that no suit was filed until January of 2002. Robinson began pursuing a claim several months before the running of the statute of limitations, but failed to give notice of claim or file a timely suit.  Her argument on appeal is not persuasive because her claim could have been timely prosecuted.

¶16.    Further, the injury was obvious, and Robinson had retained counsel by January 1996.  At that time, and again in both April and May of 1996, counsel for Robinson requested medical records on behalf of the child.  Thus, Robinson knew that a putative cause of action existed.

¶17.    Certainly public policy dictates that where possible this Court should apply the law in a way that favors protecting minors.  Likewise, in this instance, it clear that the Legislature realized that the MTCA lacked a minor savings clause and intended to remedy this.  Nevertheless, public policy and legislative intent must give way to specific constitutional principles. This Court "will enforce a statute whose retroactivity is expressed with the "clearest and most positive expression" so long as the statute is not unconstitutional." *Fortune*, 725 So.2d at 753 (dictum).

## CONCLUSION

¶18.    Robinson's claim was barred by the applicable statute of limitations prior to the codification of a minors savings clause in the MTCA.

¶19. The March 2002 amendment to § 11-46-11(4) is unconstitutional to the extent that it makes the savings clause applicable to all claims since April 1, 1993. However, the savings clause as first enacted in April of 2000 is valid and enforceable. Those claims in existence on May 15, 2000, are subject to the savings clause.

¶20. The Legislature is invited to amend § 11-46-11 in accordance with this opinion. Until such is done, the application of the savings clause will differ from that which is provided in the code.

¶21. Accordingly, the circuit court erred in denying UMC's motion for summary judgment. We reverse the circuit court's judgment, and we render judgment here for UMC finally dismissing Robinson's complaint and this action with prejudice as barred by the applicable statute of limitations.

¶22. **REVERSED AND RENDERED**.

**SMITH, C.J., WALLER AND COBB, P. JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**