# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01308-COA

JANE DOE                                                                  APPELLANT

v.

HOLMES COUNTY SCHOOL DISTRICT                                            APPELLEE

DATE OF JUDGMENT:               08/08/2016
TRIAL JUDGE:                    HON. JANNIE M. LEWIS
COURT FROM WHICH APPEALED:      HOLMES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JOHN CURTIS HALL II
ATTORNEYS FOR APPELLEE:         SANDRA DENISE BUCHANAN
                                KYE CNEE' HANDY
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                    REVERSED AND REMANDED - 05/08/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     This action derives from a civil suit filed by minor Jane Doe,[1] individually, against the

Holmes County School District (HCSD) under the Mississippi Tort Claims Act (MTCA) in

the Holmes County Circuit Court.  HCSD filed a motion to dismiss alleging that the statute

of limitations had run on Jane's claim and that she lacked standing to file the complaint.  In

turn, Jane filed a motion for substitution of parties.  The circuit court granted HCSD's motion

to dismiss and denied Jane's motion for substitution.  After reviewing the record, we reverse

the judgment of the circuit court dismissing Jane's complaint and denying her motion for

---

[1] Like the circuit court, we substitute the alias "Jane Doe" to protect the minor's
identity.

substitution. We remand this matter for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2013, Jane was a sixteen-year-old high-school student at J.J. McClain High School[2] in Lexington, Mississippi. On April 4, 2013, George Lomax, the assistant principal, summoned Jane to the band hall and sexually assaulted her.

¶3. Jane reported the assault to her cousin, who was also a student at the high school. Jane maintains that she and her cousin reported the sexual assault to a school employee; however, no further action was taken. As a result, Jane notified her parents of the assault after arriving home from school, and her parents called the police. Lomax was subsequently arrested and convicted of assaulting Jane.

¶4. On March 26, 2014, Jane, through her parents as her next friends and natural guardians, served a notice of claim to HCSD. On April 23, 2014, HCSD sent a formal denial letter. However, Jane's parents never filed a complaint following their receipt of the denial letter. In October 2015, a second notice of claim was sent, and on January 29, 2016, Jane filed a complaint against HCSD on her own behalf. At the time, Jane was nineteen years old.

¶5. HCSD filed a motion to dismiss, asserting that the statute of limitations had run on Jane's claim because of its 2014 denial letter. In response, Jane filed a motion to substitute her mother as an interested party under Mississippi Rule of Civil Procedure 17. The circuit court granted HCSD's motion to dismiss and denied Jane's motion for substitution. Jane appeals.

---

[2] The high school is now called Holmes County Central High School.

## STANDARD OF REVIEW

¶6. "When considering a motion to dismiss, this Court's standard of review is de novo." *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006). "[T]he allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Id*.

## DISCUSSION

### I. Jane's complaint was not untimely.

¶7. HCSD argues that Jane's complaint was properly dismissed under Mississippi Code Annotated section 11-46-11(3)(a)-(b) (Rev. 2012), which provides:

> (a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful[,] or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

> (b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

¶8. However, Jane first asserts that the statute of limitations has not run because she is protected under the minors savings clause found under Mississippi Code Annotated section 11-46-11(4). This section provides:

> [I]f any person entitled to bring any action under this chapter shall, at the time

at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the time allowed in this section after his disability shall be removed as provided by law. The savings in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

¶9. We agree with HCSD that this is a matter of statutory interpretation. "Statutory interpretation is a matter of law which we review in its entirety." *Univ. of Miss. Med. Ctr. v. Robinson*, 876 So. 2d 337, 339 (¶10) (Miss. 2004). Moreover, "[o]ur primary objective when construing statutes is to adopt that interpretation which will meet the true meaning of the Legislature." *Id*. at 340 (¶10). The Mississippi Supreme Court has held that "statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue." *Tipton v. State*, 150 So. 3d 82, 84 (¶7) (Miss. 2014). Further, "if a statute is ambiguous, the [reviewing] Court must carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Id.* (quotation marks omitted).

¶10. Accordingly, we find that the minors savings clause found under section 11-49-11(4) is the controlling provision in Jane's claim because the purpose of the statute is to "protect the legal rights of those who are unable to assert their own rights due to disability." *Hays v. Lafayette Cty. Sch. Dist.*, 759 So. 2d 1144, 1147 (¶16) (Miss. 1999). As a result, Jane's claim is tolled under section 11-46-11(4) until she reaches the age of majority or an interested party actually files a complaint on her behalf.

¶11. Jane further argues that the circuit court committed reversible error in applying the holdings of *Stockstill v. State*, 854 So. 2d 1017 (Miss. 2003) and *Hays v. Lafayette County School District*, 759 So. 2d 1144 (Miss. 1999) to her case. We agree. The claims in both of

4

those cases accrued prior to the enactment of the MTCA's minors savings clause. In *Hays* and *Stockstill*, the Supreme Court simply held and then reaffirmed that the *general* minors savings clause, Mississippi Code Annotated section 15-1-59 (Rev. 2012), does not apply to claims brought under the MTCA. *See Hays*, 759 So. 2d at 1148 (¶19); *Stockstill*, 854 So. 2d at 1021-23 (¶¶10-13). The Legislature responded to the Supreme Court's rulings by adding a minors savings clause for MTCA claims. *See Robinson*, 876 So. 2d at 339 (¶¶7-8). Therefore, Jane is correct that *Hays* and *Stockstill* have no bearing on her case.

¶12. The MTCA's one-year limitations period is tolled for a period of time once a designated official of the State or political subdivision receives a timely notice of claim from a tort-claimant; the Supreme Court has explained that once that period of time ends, "the claimant has an additional 90 days granted by the statute in which to file suit." *Page v. Univ. of S. Miss.*, 878 So. 2d 1003, 1006-07 (¶12) (Miss. 2004); *see also* Miss. Code Ann. § 11-46-11(3)(a)-(b). However, the mere filing and reception of a notice of claim do not *trigger* the running of a statute of limitations when, as in this case, the statute of limitations is tolled by the minors savings clause.

¶13. The Supreme Court has, however, previously addressed the issue of pretrial notice and the minors savings clause in wrongful-death actions. In *Pioneer Community Hospital of Newton v. Roberts*, 214 So. 3d 259, 261 (¶3) (Miss. 2017), the Supreme Court held that "only when someone who is qualified to bring a wrongful-death suit *actually files* a wrongful-death suit on the minor beneficiaries' behalf will the minors savings clause not apply, because, once the suit is filed, the running of the statute of limitations is immaterial." That case

"involve[d the] timeliness of a wrongful-death action and the interplay between the wrongful-death statute and the minors savings clause." *Id*. at 260 (¶1) (footnote omitted).

¶14. Here, the Supreme Court's treatment of the minors savings clause in *Pioneer* is instructive in this case. Accordingly, we find that the trial court erred in concluding that the presuit notice filed by Jane's parents triggered the statute of limitations. Jane's parents never filed a complaint on her behalf. Further, this Court and the Supreme Court have held that the "statute of limitations does not begin to run until the person attains his twenty-first birthday." *Reeg v. Keel*, 174 So. 3d 309, 313 (¶11) (Miss. Ct. App. 2015) (collecting cases).

¶15. We also note that under Mississippi law, the statute of limitations does not run against a minor simply because the minor's parents *could have* filed a lawsuit sooner. That is, "a child is not held responsible for [her] parent's failure to file a lawsuit on the child's behalf." *Weaver v. State Farm Fire & Cas. Co.*, 2015 WL 197617, at *4 (S.D. Miss. Jan. 14, 2015) (Reeves, J.) (collecting cases). Otherwise:

> [T]he minors savings clause would be rendered meaningless: the statute of limitations would run against every child immediately, simply because their parent was also their legal guardian. As a result, every child would be held responsible for their parent's failure. That cannot be the case in light of numerous Mississippi Supreme Court cases declining to hold children so responsible.

*Id.* at *5 (discussing the general minors savings clause). Therefore, we reverse the judgment of the circuit court.

## II. Jane's mother can be substituted as a party.

¶16. Because Jane was still incapacitated under the law during the time she filed a claim against HCSD, she should have been allowed to substitute her mother as a real party in

interest.  Mississippi Rule of Civil Procedure 17 states in pertinent part:

(a) Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought.  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

. . . .

(c) Whenever a party to an action is an infant or is under legal disability and has a representative duly appointed under the laws of the State of Mississippi or the laws of a foreign state or country, the representative may sue or defend on behalf of such party.  A party defendant who is an infant or is under legal disability and is not so represented may be represented by a guardian ad litem appointed by the court when the court considers such appointment necessary for the protection of the interest of such defendant.

¶17.    Here, Jane's parents did not file suit against HCSD on Jane's behalf.  Accordingly, we find that Jane's mother can be substituted as an interested party and file a complaint on Jane's behalf until Jane is twenty-one, or Jane can individually file after turning twenty-one within the one-year statute of limitation prescribed under the MTCA.  *See Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011) (holding that a minor lacks "capacity to sue," but "[u]nlike standing, the lack of which cannot be waived or cured, capacity to sue can be cured" on remand and is not a jurisdictional issue; also holding that the minor "indisputably ha[d] standing as the party affected by the alleged wrongful" conduct). Therefore, we remand to provide Jane's mother with the opportunity to be substituted as an

interested party or for Jane to file on her own behalf at the appropriate time.

¶18.    **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**